

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**BRENT RAY BELL,**

     Plaintiff,

v.                                      Civil Action No. **3:07CV522**

**MICHAEL D. DEFRICKE,** *et al.,*

     Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate, brings this 42 U.S.C. § 1983 action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1343(a)(3).

## I. PROCEDURAL HISTORY

The Magistrate Judge made the following findings and recommendations:

> This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,*

7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him [or her] to relief." *Conley*, 355 U.S. at 45-46. In *Bell Atlantic Corp.*, the United States Supreme Court noted that the complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." 127 S. Ct. at 1964-65 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 1965 (citation omitted), to one that is "plausible on its face," *id.* at 1974, rather than "conceivable." *Id.* Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Allegations and Analysis

Plaintiff is an inmate confined in the Virginia Department of Corrections. Plaintiff contends that his current incarceration is largely a product of his appointed counsel's and the Commonwealth Attorney's failure to inform the state trial court that the Commonwealth's witness, Donovan Becker, perjured himself at Plaintiff's trial. Plaintiff alleges that the testimony Becker provided at trial conflicted with the testimony Becker provided at Plaintiff's preliminary hearing. Plaintiff claims that he

2

was therefore denied his right to a fair trial and due process[1] in conjunction with his state conviction and sentence. Plaintiff names as defendants Donovan Becker, Michael D. Defricke, an Assistant Commonwealth Attorney for the City of Virginia Beach, and Plaintiff's appointed counsel, Aleasa D. Leonard. Plaintiff seeks to have all records of his conviction destroyed, to be immediately released, and $10,000,000.00 in damages. The basic premise behind such a claim, Plaintiff's entitlement to monetary damages and injunctive relief stemming from his improper incarceration, is legally frivolous under *Heck v. Humphrey*, 512 U.S. 477 (1994), and related cases.

In *Heck*, the Supreme Court "emphasized that civil tort actions are simply 'not appropriate vehicles for challenging the validity of outstanding criminal judgments.'" *Harvey v. Horan*, 278 F.3d 370, 374-75 (4th Cir. 2002) (*quoting Heck*, 512 U.S. at 486). The Supreme Court explained that permitting civil actions to be used "for that purpose would undercut the long-standing concern not to undermine the finality of criminal convictions through civil suits." *Harvey*, 278 F.3d at 375 (*citing Heck*, 512 U.S. at 484-86). The Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87 (internal footnote omitted). The Supreme Court then required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court extended *Heck* to bar 42 U.S.C. § 1983 actions that do not

---

[1] "No State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const., Amdt. XIV, § 1.

directly challenge confinement, but instead contest procedures which necessarily imply unlawful confinement. *Id.* at 646. The principle procedural defect complained of by the inmate-litigant in *Balisok* was a biased decision-maker. *Id.* at 648. The Supreme Court concluded that such a challenge necessarily implied the invalidity of the sanction imposed by that decision-maker and thus was subject to the bar announced in *Heck*. *Id.* The Supreme Court recently summarized that *Heck* and the related cases teach that:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

The first question this Court must ask is whether Plaintiff's claims necessarily imply the invalidity of his current confinement. *Heck*, 512 U.S. at 487. Here, Plaintiff claims Becker falsely testified at Plaintiff's trial that Plaintiff was acting in an aggressive manner, and the prosecution and his appointed counsel allowed such testimony to pass uncorrected. Allegations of that ilk necessarily imply the invalidity of Plaintiff's current incarceration. *See Giglio v. United States*, 405 U.S. 150, 153 (1972); *Napue v. Illinois*, 360 U.S. 264, 269 (1959); *see also Wilson v. Crouch*, No. 7:07cv00433, 2007 WL 2751785, at *1 (W.D. Va. Sept. 19, 2007) (finding plaintiff's civil rights claim for monetary damages barred by *Heck*, where plaintiff alleged that government witness fabricated testimony and that prosecutors used such perjured testimony, absent a showing that the underlying conviction had been reversed or vacated).

Because success on Plaintiff's claims would necessarily imply that his conviction is invalid, under the second portion of the *Heck* analysis, Plaintiff must demonstrate he already has successfully contested his current conviction and sentence. *Heck*, 512 U.S. at 487. Plaintiff does not suggest that his convictions or sentence have been invalidated, so *Heck* bars his action. Accordingly, it is RECOMMENDED that Plaintiff's claims and the action be DISMISSED WITHOUT PREJUDICE pursuant to § 1915(e)(2).[2]

---

[2] If Plaintiff wishes to file a complaint challenging his conviction and sentence in this Court, he must file a petition for habeas corpus relief under 28 U.S.C. § 2254 after exhausting his

(May 6, 2008 Report and Recommendation.) The Court advised Plaintiff that he could file objections or an amended complaint within ten (10) days of the date of entry thereof. Plaintiff failed to file objections or an amended complaint.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (*citing Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a *de novo* review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005), *cert. denied*, 546 U.S. 1091 (2006).

---

state court remedies. *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (*per curiam*); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

## III. CONCLUSION

There being no objections and upon review of the record and the Report and

Recommendation, the Report and Recommendation will be ACCEPTED AND ADOPTED, and

the action will be DISMISSED.  The Clerk will be DIRECTED to note the disposition of the

action for purposes 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

> /s/
> Richard L. Williams
> United States District Judge

Date: SEP 1 7 2008
Richmond, Virginia

6